UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK BRADDOCK #216630,

    Plaintiff,                             Hon. Janet T. Neff

v.                                              Case No. 1:19-cv-15

JEFFERY STIEVE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss and for Summary Judgment. (ECF No. 23.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**, Plaintiff's claims against Unknown Parties be **dismissed without prejudice for failure to timely effect service**, and this action **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's unverified complaint. (ECF No. 1.) In 2003, Plaintiff suffered a gunshot wound which causes him to experience "intense nerve pain." Plaintiff was later incarcerated with the Michigan Department of Corrections (MDOC) after which he was prescribed Neurontin to treat his nerve pain. On October 20, 2015, Dr. Richard Worel examined Plaintiff, who requested that he be prescribed a stronger dose of Neurontin. On December 9, 2015, Dr. Worel informed Plaintiff that the Pain Management Committee (PMC) denied his request. Dr. Worel thereafter prescribed Naproxen and Tylenol for Plaintiff. When Plaintiff later reported that these medications were ineffective, Dr. Worel responded that "there

was nothing else he could do." The PMC repeatedly denied Plaintiff's subsequent requests for Neurontin.

Plaintiff initiated the present action against Drs. Jeffery Stieve, William Borgerding, and Richard Worel, as well as an unspecified number of Unknown Parties. Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The parties previously agreed to dismiss with prejudice Plaintiff's claims against Defendant Worel. (ECF No. 16.) Defendants Stieve and Borgerding now move for summary judgment. Plaintiff has responded to Defendants' motion. (ECF No. 26.)

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest

2

upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

### I. Defendants Stieve and Borgerding

Plaintiff argues that Defendants violated his Eighth Amendment rights by failing to properly treat his nerve pain. The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

It has long been recognized that liability in a Section 1983 action "will not lie absent active unconstitutional behavior; failure to act or passive behavior is insufficient." *King v. Zamiara*, 680 F.3d 686, 706 (6th Cir. 2012) (citation omitted). Defendants Stieve and Borgerding both argue that they are entitled to summary judgment because they were not involved in providing medical care to Plaintiff and, therefore, did not engage in any active unlawful behavior.

In support of his motion, Defendant Stieve has submitted an affidavit in which he asserts that he was not involved in providing care or treatment to Plaintiff having resigned from the Michigan Department of Corrections in July 2014. (ECF No. 24-4 at PageID.89-90.) In

4

response, Plaintiff offers no evidence to the contrary, but instead stipulates that Stieve "should be dismissed from this lawsuit with prejudice, based on his affidavit. . . ." (ECF No. 26 at PageID.98.)  The undersigned recommends, therefore, that Defendant Stieve's motion for summary judgment be granted.

With respect to Defendant Borgerding, the Court reaches the same conclusion. In his complaint, Plaintiff makes no allegations against Borgerding. In response to the motion for summary judgment, Plaintiff argues that Borgerding was a member of the Pain Management Committee (PMC) that Plaintiff alleges denied his requests to be treated with Neurontin. The shortcoming with Plaintiff's position is that he has failed to present evidence: (a) that Borgerding ever served on the PMC, or (b) even if Borgerding did serve on the PMC that he took any action in that capacity to deny Plaintiff necessary medical treatment.

The only evidence Plaintiff has identified regarding this issue is a treatment note authored by Dr. Worel on October 20, 2015. (ECF No. 26-1 at PageID.113-14.)  In this note, Dr. Worel reported that he discussed Plaintiff's circumstance with Defendant Borgerding and that the matter "will be put on PMC 10/21/15 agenda." (*Id.*) This statement does not establish that Defendant Borgerding served on the PMC. More significantly, even if this statement is interpreted as establishing that Borgerding did serve on the PMC, it does not constitute evidence that, in his capacity as a PMC member, Borgerding denied Plaintiff's requests for Neurontin or otherwise acted to deny Plaintiff medical treatment. In sum, Plaintiff has failed to present any evidence that Defendant Borgerding took any action that violated his Eighth Amendment rights. Accordingly, the undersigned recommends that Defendant Borgerding's motion for summary judgment be granted.

## II. Unknown Parties

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

On April 30, 2019, the Court ordered that Plaintiff's complaint be served. (ECF No. 9.) The Court's Order expressly informed Plaintiff that "the 90-day period for service set forth in [Rule] 4(m) shall run, starting with the date of this order." (*Id.*) In the more than six months since, Plaintiff has neither requested an extension of time to effect service on these Unknown Parties nor requested the Court's assistance in identifying these individuals. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against the Unknown Parties be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends: (1) Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 23), be **granted**; (2) Plaintiff's claims against the Unknown Parties be **dismissed without prejudice for failure to timely effect service**; and (3) this action be **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Dated: November 19, 2019                  /s/ Sally J. Berens
                                                                     SALLY J. BERENS
                                                                     United States Magistrate Judge